UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


THURMAN                                           CIVIL ACTION

VERSUS                                            NO: 09-4142

WOOD GROUP PRODUCTION                             SECTION: J(3)
SERVICES, INC., ET. AL.

### ORDER AND REASONS

Before the Court are Defendant Graham Gulf, Inc.'s, ("Graham Gulf") **Motion for Summary Judgment (Rec. Doc. 104)**; Defendant Wood Group Production Services, Inc.'s, ("Wood Group") **Memorandum in Opposition (Rec. Doc. 116)**; Plaintiff Kenneth Thurman's **Memorandum of No Opposition (Rec. Doc. 119)**; Defendant Graham Gulf's **Supplemental Memorandum in Support (Rec. Doc. 153)**; and Defendant Graham Gulf's **Second Supplemental Memorandum in Support (Rec. Doc. 162).**

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff Kenneth Thurman was a longshoreman employed by Fluid Crane and Construction, Inc., ("Fluid Crane") who was allegedly injured during employment. Prior to this incident, Fluid Crane executed a Master Service Agreement ("MSA") with

1

Energy XXI.  Pursuant to the terms of that contract, Fluid Crane sent Mr. Thurman to perform welding services on Energy XXI's Main Pass 61-A fixed platform in the Gulf of Mexico located on the Outer Continental Shelf.

Energy XXI also contracted with other companies to perform work on the Main Pass 61-A.  Defendant Wood Group provided various services, including operating the personnel crane on occasion.  Defendant Graham Gulf was the owner of the crew boat (M/V GULF PROTECTOR) that transported contractors to and from Main Pass 61-A, and Defendant Industrial & Oilfield Services, Inc., ("IOS") supervised construction.  On February 20, 2009, Mr. Thurman finished his work day and prepared to board the M/V GULF PROTECTOR via a platform-based crane that was operated by a Wood Group employee. During the transfer, the personnel basket made contact with the railing of the M/V GULF PROTECTOR.  Mr. Thurman's injuries allegedly stem from this incident and the negligence of Defendants Wood Group, Graham Gulf, and IOS.  On July 17, 2009, Mr. Thurman filed a Complaint for Damages against Defendants Wood Group, Graham Gulf, and IOS.

## THE PARTIES' ARGUMENTS

In its Motion for Summary Judgment (Rec. Doc. 104), Defendant Graham Gulf seeks to dismiss Mr. Thurman's claims

against it with prejudice.  Defendant Graham Gulf argues that it was not negligent during the transfer of the personnel basket, that there is no genuine issue of material fact remaining concerning its alleged negligence, and that Mr. Thurman's claims against it should be dismissed as a matter of law.  In his Memorandum of No Opposition (Rec. Doc. 119), Mr. Thurman does not oppose Defendant Graham Gulf's Motion for Summary Judgment (Rec. Doc. 104) and agrees to forgo his claims against it.  Defendant Wood Group, however, has filed a Memorandum in Opposition (Rec. Doc. 116), arguing that Defendant Graham Gulf did act negligently during the transfer of the personnel basket.  In its Supplemental Memoranda in Support (Rec. Docs. 153 and 162), Defendant Graham Gulf states that summary judgment should be granted in its favor because Mr. Thurman does not oppose it, and Defendant Wood Group does not have standing to oppose it.

## DISCUSSION

In this case, Mr. Thurman does not oppose Defendant Graham Gulf's Motion for Summary Judgment (Rec. Doc. 104), and Defendant Wood Group does not have standing to oppose the motion.  Federal Rule of Civil Procedure 56 states that a "party" may move for summary judgment.  Fed. R. Civ. P. 56(a).  Defendant Wood Group has not filed a cross-claim against Defendant Graham Gulf, so it

is not a "party" to Defendant Graham Gulf's Motion for Summary Judgment (Rec. Doc. 104) under Rule 56.  Moreover, in interpreting Rule 56, this Court has held that co-defendants do not have standing to oppose a defendant's motion for summary judgment when the motion is unopposed by the plaintiff.  <u>C.F. Bean Corp. v. Clayton Indus., Ltd.</u>, No. 95-161, 1996 WL 470644, at *1 (E.D. La. Aug. 19, 1996).  Because Defendant Graham Gulf's unopposed motion has merit, it should be granted.

Accordingly, Defendant Graham Gulf's **Motion for Summary Judgment (Rec. Doc. 104)** is **GRANTED**.  Furthermore, Defendant Graham Gulf's **Motion in Limine to Exclude Testimony of Tim Anselmi (Rec. Doc. 102)** and Defendant Wood Group's **Motion in Limine to Exclude Graham Gulf's Proposed Expert Witness (Rec. Doc. 105)** are **DENIED AS MOOT** because Mr. Thurman's claims against Defendant Graham Gulf are dismissed.

New Orleans, Louisiana, this 14th day of December, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE