UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH THURMAN | CIVIL ACTION |
| VERSUS | NO. 09-4142 |
| WOOD GROUP PRODUCTION SERVICES, ET AL. | JUDGE CARL J. BARBIER |
| | MAGISTRATE DANIEL E. KNOWLES, III |

**PLAINTIFF'S OPPOSITION TO SEABRIGHT INSURANCE
COMPANY'S MOTION FOR RULE 54(b) JUDGMENT CERTIFICATION**

MAY IT PLEASE THE COURT:

Plaintiff, Kenneth Thurman, submits the following opposition to SeaBright Insurance

Company's Motion for Rule 54(b) Judgment Certification.  Specifically Plaintiff urges that this

Honorable Court should deny defendant's motion because there is no time for an appeal of this

matter between now and trial and because piecemeal appeals should be avoided.   Plaintiff

respectfully requests that this Honorable Court deny defendant's Motion for Rule 54(b) Judgment

Certification.

Presently, the trial of this matter is sent to commence on March 28, 2010.  Directing an entry

of Final Judgment as to SeaBright's subrogation claim and subsequent submission of this issue to

the Fifth Circuit for review, will certainly cause the trial of this matter to be postponed.  Though

defendant has reprsent4ed to the Court that this matter could promptly move to the Fifth Circuit and

- 1 -

return to this Honorable Court prior to the trial date, plaintiff urges that it is highly unlikely that such

an appeals process would move at such a pace as to allow full review in a short time frame.  It is

counsel's experience that leads to the conclusion that such an appeal would take at least twelve to

eighteen months.

 As this Court stated in *Gulf Belting & Gasket Co., Inc. v. Select Ins.,* 2005 U.S. Dist. LEXIS

36597, 2005 WL 3543785 (E.D. LA 2005):

> Federal Rule of Civil Procedure 54(b) allows a court dealing with multiple claims or
> parties to direct the entry of a final judgment "as one or more but fewer than all of the
> claims or parties" in a case, "upon express determination that there is no just reason
> for delay and upon an express direction for the entry of judgment."  Fed.R.Civ.P.
> 54(b).  Before directing entry of judgment under Rule 564(b), a district court must
> first determine that the judgment at issue is a "final judgment" in that it is an
> "ultimate disposition of an individual claim entered in the course of a multiple claims
> action."  *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 64
> L.Ed. 2d 1 (1980)  The court must then determine whether there is any just reason
> for delay.  *Id.* at 8. The district judge has discretion in this regard.  *Id.*

2005 U.S. Dist. LEXIS 36597.

 Pursuant to the language of Rule 54(b), "the court *may* direct entry of a final judgment as to

one or more, but fewer than all, claims or parties only if the court expressly determines that there is

no just reason for delay."  Fed.R.Civ.P. 54(b) (Emphasis added).  Since this declaration is one of the

court's discretion, precedent propounds guidance as to when issues should be certified as final

judgments.

 In application of Rule 54(b), the Fifth Circuit has opined that "a request for entry of final

judgment and certification under this rule is . . . not to be granted routinely."  *Jasmin v. Dumas*, 726

F.2d 242, 255 (5th Cir. 1984).  "The procedure should be sparingly and deliberately used for it brings

parts of a case before the court serinatim." *Id.*  The court cautions against the use of this rule as to not disrupt the federal rules' attempt to avoid piecemeal appeals." *Id.*

In further analysis of when Rule 564(b) should be applied, this court has stated that Rule "54(b) was adopted to avoid the possible injustice that might result in some cases from a delay in the effectiveness of a decision on a distinctly separate claim while the parties awaited adjudication of the entire case." *Miciotto v. CNA Ins. Co.*, 2004 WL 62719 (E.D. LA 2004).  Thus, the real intend behind the Rule was to avoid any prejudice caused to a party while awaiting the adjudication of the remaining claims in a matter.  In this case, no party will be prejudiced by the *denial* of the request for Rule 54(b) certification.  However, the *granting* of the request will surely have the effect of delaying adjudication of this entire matter and it has now been pending for nearly two years.  While defendant claims that such an appeal will not disrupt the currently scheduled trial date, in reality this is highly unlikely.  Plaintiff should not be forced to wait for defendant's issues between themselves to be resolved before he can proceed with his claim.  Plaintiff therefore, respectfully urges the Court, in its discretion, to deny the Rule 54(b) Motion of SeaBright Insurance Company.

Respectfully submitted,

**BEST KOEPPEL TRAYLOR**

_____s/ Laurence E. Best_____

LAURENCE E. BEST    (#3012)
PETER S. KOEPPEL   (#1465)
2030 St. Charles Avenue
New Orleans, LA   70130
Telephone:    504.598.1000
Facsimile:    504.524.1042
lebest@bestkoeppel.com
psk@bestkoeppel.com

and

**MICHAEL J. SHEMPER, (MS Bar #100531)**
119 Hardy Street
Post Office Box 1727
Hattiesburg, MS  39403-1727
Telephone:    601.545.7787
Facsimile:    601.545.1711

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that I have on this 15th day of December, 2010, electronically filed the foregoing pleading with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_____s/ Laurence E. Best_____