```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA


THURMAN                                    CIVIL ACTION

VERSUS                                     NO: 09-4142

WOOD GROUP PRODUCTION                      SECTION: J(3)
SERVICES, INC., ET. AL.
```

**ORDER AND REASONS**

Before the Court are Intervenor Plaintiff SeaBright Insurance Company's **Motion for 54(b) Judgment (Rec. Doc. 170)** and Plaintiff Kenneth Thurman's **Memorandum in Opposition (Rec. Doc. 172).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff Kenneth Thurman was a longshoreman employed by Fluid Crane and Construction, Inc., ("Fluid Crane") who was allegedly injured during employment.  Prior to this incident, Fluid Crane executed a Master Service Agreement ("MSA") with Energy XXI.  Pursuant to the terms of that contract, Fluid Crane sent Mr. Thurman to perform welding services on Energy XXI's Main Pass 61-A fixed platform in the Gulf of Mexico located on the

1

Outer Continental Shelf.

Energy XXI also contracted with other companies to perform work on the Main Pass 61-A.  Defendant Wood Group provided various services, including operating the personnel crane on occasion.  Defendant Graham Gulf was the owner of the crew boat (M/V GULF PROTECTOR) that transported contractors to and from Main Pass 61-A, and Defendant Industrial & Oilfield Services, Inc., ("IOS") supervised construction.  On February 20, 2009, Mr. Thurman finished his work day and prepared to board the M/V GULF PROTECTOR via a platform-based crane that was operated by a Wood Group employee. During the transfer, the personnel basket made contact with the railing of the M/V GULF PROTECTOR.  Mr. Thurman's injuries allegedly stem from this incident and the negligence of Defendants Wood Group, Graham Gulf, and IOS.  On July 17, 2009, Mr. Thurman filed a Complaint for Damages against Defendants Wood Group, Graham Gulf, and IOS.

Intervenor Plaintiff SeaBright Insurance Company ("SeaBright"), in its capacity as the workers' compensation insurer of Fluid Crane, intervened seeking to recover benefits paid to Mr. Thurman.  However, on November 18, 2010, this Court dismissed SeaBright's claims because of a waiver of subrogation clause in the SeaBright insurance policy (Rec. Doc. 159).  This

Court found that the waiver precluded SeaBright from recovering the benefits it paid to Mr. Thurman. In its current Motion for 54(b) Judgment (Rec. Doc. 170), SeaBright requests the entry of a final judgment so that it can take an immediate appeal of the Court's November 18th order dismissing its subrogation claims.

## THE PARTIES' ARGUMENTS

In its Motion for 54(b) Judgment (Rec. Doc. 170), Intervenor Plaintiff Seabright argues that Federal Rule of Civil Procedure 54(b) allows a court to direct entry of a final judgment if there is no just reason to delay an appeal. Fed. R. Civ. P. 54(b). SeaBright claims that the Court's November 18th order was a final judgment under Rule 54(b) because it effectively dismissed all of SeaBright's claims. Furthermore, SeaBright argues that there is no just reason to delay its appeal because judicial economy and equitable considerations both weigh in favor of allowing SeaBright to take an immediate appeal. SeaBright's claims are the only claims affected by the November 18th order, and the issue of subrogation will not be raised on appeal by any other party in the litigation.

In his Memorandum in Opposition (Rec. Doc. 172), Plaintiff Kenneth Thurman urges the Court to deny SeaBright's motion because there is no time for an appeal of the November 18th order

before the current March 28, 2010, trial date.  Mr. Thurman argues that an appeal by SeaBright will likely delay the trial and prejudice the other parties in the litigation.  Moreover, piecemeal appeals such as SeaBright's should be avoided.

## DISCUSSION

Rule 54(b) provides that when a court determines that there is no just reason to delay an appeal, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . ."  Id.  The Supreme Court has described the two-step process for determining whether a final judgment should be issued under Rule 54(b).  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980).  First, the court must determine whether the judgment is "final" in the sense that it is an "ultimate disposition of an individual claim entered in the court of a multiple claims action."  Id. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956).  If the court determines that the judgment is final, it must then decide whether there is any just reason for delaying the appeal of the individual final judgment.  Curtiss-Wright Corp., 446 U.S. at 8.

In this case, the Court's November 18th order effectively dismissed all of SeaBright's claims, so it is considered a final judgment under Rule 54(b).  However, the Court finds that there

are just reasons for delaying the appeal of this individual final judgment.  An appeal by SeaBright will likely delay the pending trial and prejudice the other parties in the litigation.  On the other hand, SeaBright will not be prejudiced by this Court's denial of its motion.

Accordingly, Intervenor Plaintiff Seabright Insurance Company's **Motion for 54(b) Judgment (Rec. Doc. 170)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of December, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE